# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TYRONE OREY**                                                                                    **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.:** 3:22-cv-233-CWR-FKB

**TA OPERATING, LLC d/b/a PETRO
TRAVEL CENTER, JACKSON, MS
#328; UNKNOWN MANAGERS A-E;
AND JOHN DOES 1-5**                                                         **DEFENDANTS**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Civil Rule 5(b), Defendant TA Operating LLC d/b/a Petro Travel Center Jackson, MS #328 ("TA Operating") hereby removes the above-captioned matter, and all claims asserted therein, from the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. As grounds for removal to this Court, and while reserving all defenses and rights available to them, Defendant TA Operating states as follows:

*The State Court Action*

1. On or about April 4, 2022, Plaintiff Tyrone Orey served Defendant TA Operating with copies of a Summons and Complaint filed in the Circuit Court of Hinds County, Mississippi, on April 4, ("Complaint"). True and correct copies of the Summons and Complaint are attached hereto as Exhibit A.

2. No other process, pleading, or order has been served upon Defendant in this matter.

3. Plaintiff alleges as he slipped and fell while on TA Operating's premises located at 970 Interstate 20, Jackson, MS. Plaintiff alleges he slipped on a substance on the grounds of the premises which constituted a dangerous condition of which TA Operating had constructive notice. Exhibit A, Complaint ¶¶ 2, 8.  Plaintiff alleges that as a result he sustained "severe and painful injuries for which he has incurred hospital, drug, doctor and other medical expenses" and that his injuries are both temporary and permanent in nature. Exhibit A, Complaint ¶ 8.

### *Removal is Timely*

4. Defendant TA Operating's Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b)(1) and (c)(1), because it is being filed within thirty (30) days of receipt of service of process and within one (1) year of Plaintiff's filing of its Complaint in the state court action.

### *Diversity Jurisdiction Exists*

<u>Complete Diversity of Citizenship Exists</u>

5. Plaintiff's lawsuit is removable based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Plaintiff alleges that he is an adult resident citizen of the State of Mississippi.  Exhibit A, Complaint ¶ 1.

7. Defendant TA Operating, LLC is limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio. Its sole member is Travel Centers of America, Inc., a Maryland corporation with its principal place of business in the state of Ohio.

8. Thus, complete diversity of citizenship exists between Plaintiff and Defendant TA Operating.

9. The citizenship of Unknown Managers A-E; And John Does 1-5 is disregarded for purposes of removal. *Green v. City of Jackson*, No. 3:20-CV-107-HTW-LRA, 2020 WL 4918013, at *1 (S. D. Miss. Aug. 21, 2020).

## The Amount in Controversy Is Satisfied

10. The amount in controversy exceeds $75,000. Plaintiff does not claim a specific total dollar amount in damages. When a complaint does not specify the amount of damages sought, in the Fifth Circuit, a removing Defendant can satisfy its burden of proof regarding the amount in controversy by demonstrating that it is "facially apparent" that the claims are likely above $75,000. *Myers v. Guardian Life Ins. Co. of Am., Inc.*, 5 F. Supp. 2d 423, 428 (N.D. Miss. 1998).

11. Here, Plaintiff claims to have incurred personal injuries that are both "severe" and permanent." Exh. A, Complaint ¶¶ 8, 18. Plaintiff seeks past hospital, doctor, drug and other medical expenses and asserts that he expects to incur more such expenses in the future thus increasing his damages sought. Exh. A, Complaint ¶18. In pre-suit communications between former counsel for plaintiff and TA Operating's third-party adjuster, plaintiff's former counsel indicated that as of October 2019, plaintiff's medical bills alone totaled more than $155,337.41 and that his damages "continue to increase." See pre-suit correspondence attached hereto as Exhibit B.

12. He also seeks damages for past and future pain, suffering, mental anguish and anxiety. *Id*. Further, he seeks damages for past lost income and a loss of wage-earning capacity in the future. Finally, he seeks damages for disability (which he seemingly characterized earlier in the complaint as at least partially permanent), impairment, disfigurement and loss of enjoyment of life. *Id.*

13. Those alleged damages facially appear to exceed $75,000. *Menendez v. Wal-Mart*

*Stores, Inc.*, 364 Fed. Appx. 62, 67 (5th Cir. 2010) (personal injury case seeking damages that included mental pain and suffering as well as loss of companionship and consortium facially appeared to meet amount in controversy); *Haley v. Ford Motor Co.*, 398 F.Supp.2d 522, 528 (S.D. Miss. 2005) (Upon plaintiff's motion to remand where personal injury damages were unspecified in complaint, court required production of all evidence of known and ascertainable damages plaintiff claimed).

### *Venue is Proper*

14. Venue upon removal is proper under 28 U.S.C. § 1441(a) because this Court is situated within the federal judicial district and division corresponding to the county in which the state court proceeding is pending.

### *Conclusion*

15. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum *non conveniens*.

16. A copy of this Notice of Removal will be served on counsel opposite and a notice of filing of this pleading will be filed in the Circuit Court of Hinds County, Mississippi, promptly after the filing of the Notice of Removal. *See* 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant respectfully removes this matter from the Circuit Court of Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi.

This the 4th day of May 2022.

4884-0376-2717, v. 5

                    Respectfully submitted,

            By: */s/Stephanie M. Rippee*
                 ATTORNEY FOR TA OPERATING LLC d/b/a
                 PETRO TRAVEL CENTER, JACKSON, MS #328

OF COUNSEL:
Stephanie M. Rippee (MB #8998)
WATKINS & EAGER PLLC
Post Office Box 650
Jackson, MS 39205-0650
(601) 965-1900 (p)
(601) 965-1901 (f)
srippee@watkinseager.com

## CERTIFICATE OF SERVICE

I, Stephanie M. Rippee, hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the ECF system and a copy was emailed to Crymes M. Pittman, attorney for Plaintiff at:

                 cmp@prwlaw.com

This the 4th day of May 2022.

                 */s/Stephanie M. Rippee*
                 Stephanie M. Rippee

4884-0376-2717, v. 5