IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**TYRONE OREY**                                                                 **PLAINTIFF**

VS.                                                     CIVIL ACTION NO. 22-197

**TA OPERATING, LLC d/b/a PETRO TRAVEL**
**CENTER, JACKSON, MS #328;**
**UNKNOWN MANGERS A-E;**
**AND JOHN DOES 1-5**                                                           **DEFENDANTS**

## COMPLAINT

### (Jury Trial Demanded)

COMES NOW Plaintiff Tyrone Orey, by and through counsel, and files this his civil action to recover damages against TA Operating, LLC d/b/a Petro Travel Center, Jackson, MS #328, Unknown Managers A-E, and John Does 1-5ABC, and DEF as follows:

### I. Parties

1.  Plaintiff Tyrone Orey ("Orey") is an adult resident citizen of Hinds County, Mississippi.

2.  Defendant TA Operating LLC d/b/a Petro Travel Center Jackson, MS #328 (hereinafter "TA Operating LLC") is a non-resident corporation which may be served through its agent for service of process, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3.  Defendant Unknown Managers A-E (Managers) are adult resident citizens of the State of Mississippi and are hereinafter referred to as "Unknown Managers." Upon discovery of

EXHIBIT A

the identities of these individuals or entities, their true names will be substituted in accordance with the Mississippi Rules of Civil Procedure.

4. Defendant John Does 1-5 are unknown individual entities who may have owned and/or operated the Travel Centers of America/Petro Travel Center #328 located at 970 Interstate 20, Jackson, Mississippi, at the time of the accident which is the subject of this Complaint, or are otherwise responsible for the negligence set forth herein. They are believed to be residents of the State of Mississippi. Once the true identities of John Does 1-5 are discovered, they will be substituted herein in accordance with the Mississippi Rules of Civil Procedure.

## II. Venue and Jurisdiction

5. The Plaintiff incorporates by reference the preceding paragraphs.

6. This Court has jurisdiction pursuant to Article 6, §156 of the Mississippi Constitution (1890) and Miss. Code Ann. §9-7-81. Venue of this action is appropriate in Hinds County in that, as set forth below, a substantial alleged act or omission occurred in Hinds County and/or a substantial event that caused the injury occurred in Hinds County, pursuant to Miss. Code Ann. §11-11-3.

## III. Underlying Facts

7. The Plaintiff incorporates by reference the preceding paragraphs.

8. On or about May 23, 2019, Mr. Orey was a customer and business invitee of the Petro Truck Stop/Travel Centers of America a/k/a Petro Travel Center #328 located at 970 I-20 West Frontage Road, Jackson, Hinds County, Mississippi, which is owned and operated by TA Operating, LLC and managed by Unknown Managers A-E. In the alternative, the subject Petro Truck Stop/Travel Centers of America was owned and operated by John Does 1-5, and the

**EXHIBIT A**

causes of action set forth against TA Operating, LLC in paragraphs nine (9) to (12) below are equally applicable to John Does 1-5. As Mr. Orey attempted to enter his vehicle, he slipped and fell as a result of an abundance of oil, grease, and other slippery substances in Defendant's parking lot. The oil, grease, and other slippery substances constituted a dangerous condition which was either created by the Defendants or existed for such a period of time that the Defendants had constructive notice of the dangerous condition. As a result of slipping, Mr. Orey fell and sustained severe and painful injuries. Mr. Orey's fall as set forth above was proximately caused by the negligence of the Defendants. As a direct and proximate result of the negligence of the Defendants and their employees and agents, Mr. Orey sustained injuries and damages as set forth below.

### IV. Cause of Action – TA Operating LLC

9. The Plaintiff incorporates by reference the preceding paragraphs.

10. All actions of TA Operating LLC's employees are imputed to said Defendant pursuant to the doctrine of *respondeat superior*.

11. TA Operating LLC exclusively controlled the premises at issue here and the doctrine of *res ipsa loquitur* applies because the incident is one that would not ordinarily occur in the absence of the Defendant's negligence.

12. TA Operating LLC was negligent with regard to the condition of the premises. Defendant's negligent actions include, but are not limited to, the following:

    (a) the failure of the Defendant to provide a reasonably safe premises for its invitees;

    (b) the failure of the Defendant to exercise reasonable care in the operation of the subject Petro Truck Stop/Travel Centers of America;

EXHIBIT A

(c) the failure of the Defendant to maintain its premises in a reasonably safe condition;

(d) the failure of the Defendant to properly maintain its parking lot so as to prevent and eliminate the dangerous condition;

(e) allowing the Plaintiff to walk in an area which the Defendant knew or should have known was unsafe, hazardous, and dangerous;

(f) the failure of the Defendant to conduct an inspection of said premises for the purpose of discovering known apparent dangers, as well as unknown and latent dangers in order to make the Defendant's premises a reasonably safe place for customers to walk;

(g) the failure of the Defendant to warn of a dangerous condition, not apparent to Mr. Orey, which was known to the Defendant and its employees/agents, or which existed for such a period of time that constructive knowledge of the dangerous condition would have been imputed to the Defendant;

(h) the failure of the Defendant to provide adequate lighting of its parking lot so as to allow customers to safely walk through the parking lot;

(i) creating a dangerous condition which caused or contributed to Mr. Orey's slip and fall; and,

(j) other acts of negligence to be proven at trial.

**EXHIBIT A**

### V. Cause of Action – Unknown Managers A-E

13. The Plaintiff incorporates by reference the preceding paragraphs.

14. Unknown Managers A-E were the managers in charge of the Petro Truck Stop/Travel Centers of America store premises at the time of the May 23, 2019 incident.

15. The Unknown Managers were, at all relevant times, the managers of the Petro Truck Stop/Travel Centers of America store premises charged with the responsibility of supervision of the Petro Truck Stop/Travel Centers of America store. TA Operating, LLC employees were at all times acting upon TA Operating, LLC's and the Unknown Managers' orders and directions, specifically but not included to orders and directions regarding the maintenance of the parking lot, observance of dangerous condition, and safety measures designed to observe and warn against dangerous conditions.

16. The Unknown Managers and those operating under their supervision and control were negligent with regard to the condition of the floor. The Unknown Managers' negligence includes, but is not limited to, the following:

    (a) the failure to provide a reasonably safe premises for its invitees;

    (b) the failure to exercise reasonable care in the operation of the subject Petro Truck Stop/Travel Centers of America;

    (c) the failure to maintain the subject Petro Truck Stop/Travel Centers of America premises in a reasonably safe condition;

    (d) the failure to properly maintain the subject Petro Truck Stop/Travel Centers of America parking lot so as to prevent and eliminate the dangerous condition;

    (e) allowing the Plaintiff to walk in an area which the Unknown Managers knew or

**EXHIBIT A**

should have known was unsafe, hazardous, and dangerous;

(f) the failure to conduct an inspection of said premises for the purpose of discovering known apparent dangers, as well as unknown and latent dangers in order to make the subject premises a reasonably safe place for customers to walk;

(g) the failure to warn of a dangerous condition, not apparent to Mr. Orey, which was known to Unknown Managers and/or their agents, or which existed for such a period of time that constructive knowledge of the dangerous condition would have been imputed to the Unknown Managers and/or their agents;

(h) creating a dangerous condition which caused or contributed to Mr. Orey's slip and fall; and,

(i) other acts of negligence to be proven at trial.

## VI. Damages

17. The Plaintiff incorporates by reference the preceding paragraphs.

18. As a direct and proximate result of the negligence of the Defendants as aforesaid, Mr. Orey sustained severe and painful injuries for which he has incurred hospital, doctor, drug and other medical expenses in an effort to treat and rehabilitate his condition. These injuries are both temporary and permanent in nature. Mr. Orey may reasonably be expected to incur hospital, doctor, drug and other medical expenses in the future in a continuing effort to treat and rehabilitate his condition. Further, and as a direct and proximate result of these injuries, Mr. Orey has endured pain and suffering, mental anguish and anxiety and he may reasonably be expected to endure the same in the future. Mr. Orey has sustained a loss of income and a loss of wage earning capacity as a result of his injuries. Finally, Mr. Orey has sustained a degree of disability,

EXHIBIT A

impairment, disfigurement, and loss of enjoyment of life which he may continue to sustain in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tyrone Orey demands judgment of and from Defendants in a fair and reasonable amount to be determined by a jury in addition to pre-judgment and post judgment interest, attorney's fees and all costs of this Court.

DATED this the 1st day of April, 2022.

Respectfully submitted,

TYRONE OREY

BY: _____
CRYMES M. PITTMAN

OF COUNSEL:

CRYMES M. PITTMAN (MSB #99225)
PITTMAN, ROBERTS & WELSH, PLLC
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: 601.948.6200
Facsimile: 601.948.6187
Email: cmp@prwlaw.com

EXHIBIT A